Chief Justice Robertson
delivered the Opinion of the Court..
Ob’ the trial of an indictment against Barnes, for kceping a Tippling House in March, 1833 — after the Commonwealth had proved that he had retailed spirituous liquors, in that month and year, in a-house occupied by him, and kept as a tavern, — he proved that James C. I-Icndron had lived with him in the same house, during the year 1832 ; that they then did business there jointly, and were “probably jointly interested that Hendron had, in April, 1832, obtained a Licence for keeping a Tavern in the said house ; that he, Hendron, about the commencement of the year, 1833, had removed to another house, which he afterwards kept as a tavern, *389 but that he still continued to visit “ike old stand,” in which Barnes remained, and that he occasionally superintended its business, and attended to its management. But the circuit court, being of opinion that the testimony adduced by Barnes, was immaterial, directed the jury to disregard the whole of it. And, thereupon, the jury found a verdict of guilty, and the court adjudged against Barnes a penalty of sixty dollars.
For keeping a tippling hou&e, the offender incurs a penaltyoffcGO- the Aggregate of £¿u imposed by aw act of 793, of $50 imposed 44 ia addition” by the act of .831.
Evidence that a man sold liquor by retail, which was drunk in the house where ifc was bought, authoi izes the in.** Terence that he kept a tippling house?
A tavern license should dcsignate the house where the tavern is to be kept, and will not serve Tor any other’house.
If the instruction by the court, and the verdict of the jury, can be maintained, the judgment should not be reversed for excessiveness in the penalty adjudged ; because that penalty does not exceed the aggregate of those denounced by tlie act of 179.3, and by the act of 1831, and, as the latter act imposes a fine of‘fifty- dollars “in addition” to that imposed by the former act, we are not allowed to doubt that the legislative intention was, that the aggregate of both penalties should be adjudged agaihst a convicted offender, for the keeping of a Tippling House, since the operation of the act of ¡833.
Nor can w.e doubt that the evidence, ow which the jury decided, was sufficient to authorize the deduction that Barnes had kept a Tippling House. The' proof was that Barnes had sold by retail spirituous liquor, which had been drunk in his house, in which it was sold, in March, 1S33. This would be sufficient under the act of 1733, according to any allowable interpretation of it; and the-selling alone would be sufficient, .under the act of 1831,"because the act of 1820 defines a Tippling House to be a house in which spirituous liquors are sold by retail. But, in the opinion of this court, the circuit judge erred in instructing the jury to disregard the testimony given in behalf of Barnes.
The licence, which had been granted to Ileudron, designated — as it should have done, especially since the act of 183-1, — the house in which he was licenced to keep a tavern. That licence could not have been translated to any other house, by Hendron’s removal, or by any other act of his. If did not., therefore, follow his removal, and attach itself to the house in which he resided in the year, 1833.
ÜpoiTthTtrml of an indict-in^tipplnig hnoseat a carot^a™'offence” committed at an alter tune, is m-admissible.
A license Lavecfto one^iminj to keep tavern house,1?1Utí^from which he after-wards removed —another being indicted for retailing spirituous liquors in shmv°thatn'be did it, as the a - fnc/under^the cense of, him granted'1;11'and may, on that ground, be acquitted by the jury.
The term, for which it had been, or must be presumed to have been, granted, (that is, one year) had not ex-pi¡'e(i u} March, 1833. As the indictment charged, that the offence had been committed in March, 1833, no subsequent offence was cognisable in this case ; and theref0re, the retailing proved to have-been done in August, 1833, should not lmve been regarded by the jury,
When Hendron remo veil to anotiier house, either his tavern licence had thereby become Junius ojjicio, or it applied to the tavern still continued in the house for which it had been granted. If the jury should have inferred from the facts proved by Barnes, that be con-tinned to keep the tavern, after Hcndron’s removal, as had been kept before, either for their joint benefii, or for that of Hendron alone, and under las supennien(¡ance ant\ responsibility., and in virtue of his licence, it 1 J1 . would have been their duty to huye acquitted Barnes, These inferences might have been deduced from the rejected testimony; and consequently, the jury had a right to consider that testimony, and to decide on its effect.
Wherefore, the judgment must be reversed, and the' cause remanded for a new trial,