Chief Justice Robertson
delivered the Opinion of the Court.
Upon the trial of the general issue, on an indictment found against James Hinton, for selling “spirituous liquors “ by retail, in quantities less than a quart, in a house “ kept by him for that purpose,” and also for “keeping a “ tippling house, without having a license to keep a tav- “ era” — the Commonwealth having proved that, on one occasion, he had sold whiskey by the quart, at twelve and a half cents a quart, and that it was drunk in his house — the Circuit judge decided, that the testimony was admissible, and instructed the jury, that the fact of selling liquor “ in any quantity, to be drunk in his “ house,” “ was evidence that he kept a tippling house.”— And the jury having, upon that evidence and instruction, found Hinton guilty of keeping a tippling house, but not guilty of selling a less quantity of spirits than a quart, the Court thereupon i’endered judgment against him for a fine of sixty dollars — the aggregate of the penalties denounced by the act of 1793 and by that of 1831,'for keeping a tippling house without license to keep a tavern.
The fourth section of the act of 1793 (2 Slat. Law, 1499) defines two different offences: first — the keeping of a tippling house-, and, second — the retailing of spirits without license, unless the vendor be a merchant, or the manufacturer of the liquor, and shall not have sold a less quantity than a quart, nor any quantity to be drunk in his own house.
And the indictment in this case, should be understood as charging each of those distinct delinquencies. The first charge is not necessarily that of keeping a tippling house; because the simple act of selling a quart, or even a *217 less quantity of spirituous liquor, on one single occasion, even in the vendor’s own house, may not amount to the beeping of a tippling house. And the only penalty for such an act of unlawful selling merely, is three pounds; the cumulative penalty of fifty dollars denounced by the act of 1831, is incurred only by keeping a tippling house.
The first charge of selling a less quantity than a quart, was certainly not sustained by the evidence, and even if it had been, the fine of sixty dollars would have been clearly unauthorized.
And although a person may be guilty of keeping a tippling house without retailing spirits in a less quantity than a quart, or even'in a quantity so small as a quart, and although also, as decided in the case of Barnes vs. the Commonwealth (2 Dana, 388,) proof of a single act of selling a half a pint of whiskey to be drunk in the vendor’s house, may sustain a verdict of guilty on an indictment against him for keeping a tippling house — nevertheless the isolated fact, that Hinton had, on one occasion, sold whiskey, at twelve and a half cents a quart, and that the whiskey so sold, was drunk in his own house, was scarcely sufficient to authorize the deduction that he had kept a tippling house. But however this may be, the instruction, as given by the circuit judge, was, we apprehend, rather too general and unqualified, and was, therefore, probably delusive. It may have been, and probably was, understood as intending that the facts proved on the trial constituted the keeping of a tippling house. After having admitted the testimony which proved the selling of whiskey by the quart, it would have been superfluous to instruct the jury, that the fact proved was some evidence tending in some degree, to authorize the inference that Hinton had kept a tippling house, because that much was necessarily implied by the mere admission of the testimony as competent. And therefore, when the Court instructed the jury, without any qualification or explanation, that “ if u the defendant had sold liquor in any quantity to be “ drunk in his house, it was evidence that he kept a tippling “ house” — the jury had a right to understand (what was not true,) that the act of selling, as proved, was *218 per se the keeping of a tippling house. And thus understanding the instruction, they were bound to find a verdict of guilty on the last charge in the indictment.
It seems to us, therefore, that the instruction, as given, was prejudicial to the accused.
Wherefore, the judgment is reversed, and the cause remanded for another trial.